UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 08-20591 |
| | ) | |
| MARATHON HEALTHCARE GROUP, LLC, | ) | CHAPTER 7 |
| | ) | |
| | ) | ADV. PRO. NO. 10-02050 |
| | ) | |
| THOMAS C. BOSCARINO, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIVE STAR QUALITY CARE-CT, LLC, | ) | June 10, 2010 |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MOTION TO APPROVE COMPROMISE AND SETTLEMENT OF CLAIM**

TO THE HONORABLE, ALBERT S. DABROWSKI, UNITED STATES BANKRUPTCY JUDGE:

1. Movant is the duly qualified and acting Trustee in this case.

2. The above-captioned Debtor filed a petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code on April 3, 2008, and it was converted to Chapter 7 on January 7, 2009. The Trustee was appointed at or about the time of the conversion.

3. During the course of the Trustee's administration of this corporate Chapter 7 bankruptcy proceeding, the Trustee has reviewed certain financial records which disclose significant payments to creditors during the ninety (90) day period immediately preceding the filing which may be preference payments pursuant to the applicable provisions of the United States Bankruptcy Code.

4. The Trustee, during the course of his examination of the books and records of the Debtor, determined that Five Star Quality Care-CT, LLC (or one of its affiliates) (collectively, "Five Star"), was the recipient of the amount of Sixty Six Thousand Four Hundred Fifteen and 11/100 Dollars ($66,415.11) during the ninety (90) day period immediately preceding the filing of the Debtor's bankruptcy case. By letter dated March 1, 2010, the Trustee made demand upon the President of Five Star, for a turnover and recovery of such payment for the general benefit of unsecured creditors of the bankruptcy proceeding (the "Claim"). On March 29, 2010, the Trustee brought this Adversary Proceeding on the Claim.

5. The Creditor has raised defenses to the Claim of the Trustee and disputes all claims made by the Trustee. The Creditor has raised defenses such as ordinary course payment to the Claim of the Trustee.

6. Notwithstanding, Movant has been offered the sum of Forty Three Thousand One Hundred Seventy and 00/100 ($43,170.00) Dollars in full satisfaction and settlement of the Trustee's Claim (and all related claims) relative to this matter. Said payment shall be made in good and sufficient bank funds within fourteen (14) calendar days of the entry of the Court's Order approving this compromise.

7. In addition to the cash payment referenced in paragraph 6 hereof upon Court approval of this settlement, said Five Star, shall be prohibited from making any claim in this proceeding pursuant to Section 502(h), or otherwise, with respect to the settlement payment which is the subject of this Motion.

8. ANY RELEASE OR DISCHARGE CONSEQUENT TO THE COMPROMISE OF CLAIM SHALL HAVE NO FORCE AND EFFECT UNLESS AND UNTIL THE ENTIRE SUM OF $43,170.00 IS PAID TO THE TRUSTEE IN GOOD AND SUFFICIENT BANK FUNDS. TIME IS OF THE ESSENCE.

9. Movant believes that the settlement is fair and reasonable and in the best interest of the estate and should be approved by the Court. The Movant has considered the probabilities of success, the complexity, expenses, inconvenience and delay of continued litigation, as well as the paramount interest of creditors in his deliberation.

10. The $43,170.00 settlement amount offered would be an in full cash payment, which Movant will accept in full settlement of the Claim, subject only to the Court's approval of this Motion. Upon receipt of the settlement amount, Movant shall dismiss this Adversary Proceeding with prejudice.

11. The United States Court of Appeals for the Second Circuit has held that a Bankruptcy Court should approve a proposed settlement, after an independent review and evaluation of the applicable principals of bankruptcy law, unless it "falls below the lowest point in range of reasonableness". Coss v. Rodman (In re W.T. Grant Co.), 699 F.2d 599 (2d Cir.) cert. denied, 464 U.S. 822 (1983) (citing Newman v. Stein, 464 F.2d 689, 692 (2d Cir.), cert. denied, 409 U.S. 1039 (1972).

12. In the event that the Court does not approve this settlement for any reason, the parties have agreed that this proposed settlement is null and void and without prejudice.

WHEREFORE, Movant prays that the Court make its order pursuant to FBRCP 9019(a) approving the above described compromise, and approving dismissal of this Adversary Proceeding with prejudice upon Movant's receipt of the settlement.

Dated at Glastonbury, Connecticut this 10th day of June, 2010.

Respectfully Submitted,

/s/ John H. Grasso
John H. Grasso
Boscarino, Grasso & Twachtman, LLP
628 Hebron Avenue, Building Three
Glastonbury, CT 06033
Phone No. (860) 659-5657
Federal Bar No. ct03651

{B1116654; 3}

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 08-20591 |
| | ) | |
| MARATHON HEALTHCARE GROUP, LLC, | ) ) | CHAPTER 7 |
| | ) | ADV. PRO. NO. 10-02050 |
| | ) | |
| THOMAS C. BOSCARINO, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIVE STAR QUALITY CARE-CT, LLC, | ) | June      , 2010 |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PROPOSED ORDER RE: TRUSTEE'S MOTION TO APPROVE
COMPROMISE AND SETTLEMENT OF CLAIM**

Upon the Trustee's Motion to Approve Compromise and Settlement of Claim filed by Thomas C. Boscarino, Trustee, dated June 10, 2010, it is hereby:

ORDERED: That the estate may compromise the estate's claims against Five Star Quality Care-CT, LLC (or any of its affiliates), as specified in the Trustee's Motion to Approve Compromise and Settlement of Claim, for the lump sum payment of Forty Three Thousand One Hundred Seventy and 00/100 ($43,170.00) Dollars and upon the further terms and conditions set forth in such Motion.

Dated at Hartford, Connecticut this __day of June, 2010.

_____
Albert S. Dabrowski

{B1116654; 3}

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 08-20591 |
| | ) | |
| MARATHON HEALTHCARE GROUP, LLC, | ) ) | CHAPTER 7 |
| | ) | ADV. PRO. NO. 10-02050 |
| | ) | |
| THOMAS C. BOSCARINO, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIVE STAR QUALITY CARE-CT, LLC, | ) | June 10, 2010 |
| | ) | |
| Defendant. | ) | |

## **CERTIFICATION**

The undersigned Trustee hereby certifies that on June 10, 2010 in accordance with Rules 7004, 7005, and 9014 F.R.Bank.P., I served a copy of the Motion to Approve Compromise and a copy of the Proposed Order to the following on the parties listed below:

Office of the United States Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

Patrick P. Dinardo
Sullivan & Worcester LLP
One Post Office Square
Boston, MA 02109

Dated at Glastonbury, Connecticut on June 10, 2010.

/s John H. Grasso
John H. Grasso
Boscarino, Grasso & Twachtman, LLP
628 Hebron Ave., Buiding Three
Glastonbury, CT 06033
(86) 659-5657 Telephone
Federal Bar No.: ct03651

{B1116654; 3}